SAM PHILLIPS ET AL., APPELLEES, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS AND IRRIGATION, APPELLANT.

93 N. W. 2d 635

Filed December 26, 1958. No. 34469.

*Clarence S. Beck*, Attorney General, *Harold S. Salter*, and *Jean Wells*, for appellant.

*Stewart & Stewart*, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellees were the owners of the west half of the west half of Section 2, Township 8 North, Range 22 West of the 6th P. M., Gosper County. A graveled State Highway, No. 283, between Lexington and Elwood was adjacent to and passed by the land of appellees on the west of it. The land was a good, appropriately improved farm and was used for agricultural purposes generally pursued in that area. About half of the land was irrigated. Appellant appropriated 1.07 acres of the land by condemnation proceedings for use in the reconstruction and improvement of the highway. The area appropriated was immediately east of the existing highway right-of-way and extended from the north part of the land of appellees south to a point about 500 feet north of the southwest corner thereof. It was generally 37 feet wide but at one point and for a short distance it was 46 feet in width. It passed to the west of the buildings on the land of appellees and the east line of the tract taken is only about 30 feet from the west or front of the house in which appellees make their home.

The project involving the highway commenced at Elwood and ended at a canal bridge near the north part of the land of appellees. The right-of-way is to be widened in places, a right angle turn at the southwest corner of the land is to be eliminated, and a gentle curve substituted for it. The road is to be leveled out so that it will have a more uniform grade and it will be paved with asphalt concrete. The graveled road along the farm buildings is about 7 feet below the level of the surrounding ground. It will be filled in about 5 feet. The driveway from the graveled road to the farm buildings is approximately 20 feet wide, connects with the highway an estimated 350 or 400 feet north of the buildings on the farm, and extends south to the buildings. It has a rock surface and is satisfactory to appellees. It is located on the land condemned by appellant. Appellant proposes to eliminate the present driveway and to con-

struct a new one which will extend from the highway directly to the location of the buildings on the farm of appellees. Specifications for or facts concerning the new driveway do not appear in evidence.

Appellant by its answer pleaded that special benefits will accrue to appellees by reason of the fact that their property will abut on a hard-surfaced highway when the improvements thereto are completed, and the fact that a cut in front of the property will be filled and the means of ingress and egress to and from their property will be improved. This was denied by reply of appellees.

Appellant, by a tendered instruction, asked the trial court to instruct the jury on the subject of special benefits. The court refused to do so. This refusal of the court is the only complaint of appellant presented by this appeal.

There is no evidence in the record that the land of appellees has a peculiar relation to the contemplated improvement of the highway. What evidence there is on the subject is to the contrary. It is that all the owners of land abutting along the highway to be improved will enjoy identical benefits with any benefits therefrom to appellees. A witness produced by appellant testified that a paved highway would increase the value of the land adjoining it on either side of it, and that he considered the land of appellees was more valuable after the 1.07 acres were taken by appellant because of the paved highway but that did not help just appellees but everybody who had land abutting on the highway. The witness did not attempt to evaluate the amount of the alleged benefits the improvement would contribute to appellees or any other landowners abutting on it. The claimed benefits either because of the improved highway or the new driveway from it to the farm of appellees were not at the trial expressed in any manner in terms of money. There is no way that a jury in this case could have determined from the evi-

dence the amount in money of any special benefits to appellees. Appellant offered the testimony of a real estate broker of 25 years' experience in the county where the land is located. He said while being examined by counsel for appellant that the change in the driveway as it now exists to the one appellant proposed to construct would make no difference in the value of the land of appellees.

There is no peculiar relation of the land of appellees to the public improvement concerned in this case either because of the changes made in the highway or the construction of the contemplated driveway from it to the buildings on the farm. The record contains no evidence of any special benefits to appellees because of the public improvement.

Backer v. City of Sidney, supplemental opinion, 166 Neb. 492, 89 N. W. 2d 592, states: "The most satisfactory distinction between general and special benefits is that general benefits are those which arise from the fulfillment of the public object which justified the taking, and special benefits are those which arise from the peculiar relation of the land in question to the public improvement. In other words the general benefits are those which result from the enjoyment of the facilities provided by the new public work and from the increased general prosperity resulting from such enjoyment. The special benefits are ordinarily merely incidental and may result from physical changes in the land, from proximity to a desirable object, or in various other ways." See, also, Crawford v. Central Nebraska Public Power & Irr. Dist., 154 Neb. 832, 49 N. W. 2d 682; Langdon v. Loup River Public Power Dist., 144 Neb. 325, 13 N. W. 2d 168; Prudential Ins. Co. v. Central Nebraska Public Power & Irr. Dist., 139 Neb. 114, 296 N. W. 752, 145 A. L. R. 1.

Langdon v. Loup River Public Power Dist., *supra,* contains the following: "The defendant complains because the court failed to instruct as to special benefits.

* * * The record discloses no evidence of any special benefits and therefore no instruction thereon was required nor should it have been given." The duty of the trial court was to instruct the jury on each issue presented by the pleadings which was supported by evidence. McKain v. Platte Valley Public Power & Irr. Dist., 151 Neb. 497, 37 N. W. 2d 923. It may be prejudicial error if the trial court includes in an instruction a matter presented by a pleading concerning which there is no evidence tending to establish it. Bramhall v. Adcock, 162 Neb. 198, 75 N. W. 2d 696.

The trial court was correct in refusing to instruct the jury in this case on the subject of special benefits. The judgment of the district court should be and it is affirmed.

AFFIRMED.