George FISHER, Plaintiff and Respondent,

v.

Edwin SUKO, Executor of the Last Will of Reinhold Suko, Deceased, Defendant and Appellant.

No. 7839.

Supreme Court of North Dakota.

Oct. 29, 1959.

Duffy & Haugland, Devils Lake, for defendant-appellant.

Hjellum, Weiss, Nerison & Ottmar, Jamestown, for plaintiff-respondent.

MORRIS, Judge.

This is an action for damages resulting from personal injuries received by the plaintiff and respondent George Fisher while riding as a passenger in an automobile owned and driven by one Ben Knoepfle which collided with an automobile driven by Reinhold Suko whose executor is the defendant. Suko received fatal injuries. The collision occurred at about 3:00 o'clock p. m. on a clear day on U. S. Highway No. 10 just east of the City of Medina on a lazy S curve. Suko was approaching the City of Medina from the east and had just entered the curve which turned to his right when the collision occurred. The Knoepfle car had left the City of Medina proceeding in an easterly direction, had rounded that part of the curve which turned southward and was about to enter that portion of the curve which turned toward the east when the two cars collided by the meeting of the left front portions of the cars.

The plaintiff and his host driver testified that the Suko car came around the curve partly in the eastbound lane of the highway which was the lawful lane of travel of the Knoepfle car. No other living witness observed the collision.

The defendant contends that the physical facts as they appeared after the accident show that the Knoepfle car was at least partly in the Suko car's lane of travel which was the westbound lane. These facts include the position and condition of the cars after the accident, the location of debris such as glass, gravel and dried mud, and the presumptive instinct of the deceased Suko for self-preservation.

The jury returned a verdict in favor of the plaintiff whereupon the defendant moved in the alternative for a judgment notwithstanding the verdict or for a new trial. The trial court denied the entire motion and the defendant appealed. In this court the defendant does not contend that he is entitled to a judgment notwithstanding the verdict but earnestly presses his motion for a new trial upon the ground that the court committed certain specified prejudicial errors in law in rulings with respect to the admission of evidence and in failing to give a requested instruction.

The controlling issue for the jury to determine was the presence or absence of negligence on the part of the deceased defendant Suko as a proximate cause of the collision and the ensuing injuries to the plaintiff. A major factor with respect to that negligence was the location of the point of collision. The plaintiff called as a witness a highway patrolman who did not see the accident and arrived on the scene a few minutes after it occurred.

The patrolman took measurements and otherwise examined the scene of the accident. He testified that the road had a blacktop surface 28 feet wide. The Suko car was sitting in the westbound lane of traffic facing in a northwesterly direction. The Knoepfle car was sitting in the eastbound lane facing almost north which would make it crossways with the road. The right front wheel of the Knoepfle car was 3 feet 6 inches from the left front wheel of the Suko car. There were no lines on the highway where the Suko car was sitting but a short distance southeast of the Suko car were two broken yellow lines rather hard to see. One yellow line was 11 feet from the north edge of the highway and the other line was 11 feet 9 inches from the north edge. The right front wheel of the Suko car was intact and was 5 feet 2 inches from the north edge of the blacktop. The distance to the right rear wheel was 5 feet 10 inches. A part of the frame or the spring mechanism under the left front wheel was resting on the highway and the wheel was about 6 inches above the highway surface. There was a deep gouge mark in the blacktop southeast or almost south of the Suko car. The mark was 15

feet 5 inches south of the north edge of the blacktop and south of the yellow line. From the gouge mark there were lighter broken lines leading to the front of the Suko car where the frame was resting on the highway. Debris consisting of mud, gravel and glass was scattered in the area. The highest concentration of debris was between the two cars on the east lane of traffic south of the yellow line. Up to this point the testimony had been elicited without objection.

The accident occurred December 12, 1957. The patrolman testified that he had been with the State Highway Patrol since November 15, 1953 and was still so employed. He estimated that in the course of his employment he had investigated an average of an automobile accident a week. He had attended training sessions of the Highway Patrol that were held annually and formerly were held more frequently. These training sessions covered accident investigation, the laws of arrest and court procedure.

After the patrolman had testified as to his observations and measurements of the scene of the accident he was asked:

"From your experience, Mr. Koehn, as gained through the investigation of many accidents that you have investigated, do you have an opinion as to where the accident occurred in relation to the east and west bound lanes of traffic?"

After he had answered in the affirmative he was asked what that opinion was. Mr. Lord, defendant's counsel, then said:

"I am going to object to that on the ground there is not sufficient foundation to show what might have happened during contact. Before and after are two different things. As to the point of contact."

The court overruled the objection and stated:

"Here we have an expert."
Mr. Lord then said:

"I do not believe he is qualified, your honor, nor is there sufficient foundation for him to testify as to the point of contact between the automobiles at the time of the collision."

The court replied:

"I feel he is qualified as an expert and I think there is sufficient foundation for him to answer."

The witness was then asked for his opinion as to where the accident occurred and replied:

"I would say it happened in the east lane of traffic."

Counsel for the plaintiff then inquired:

"Do you have an opinion as to how far in the east lane of traffic this accident occurred?"

The same objection was made and overruled and the witness answered:

"Well, I don't say it was all in the east lane of traffic, but part of it took place in the east lane of traffic."

The witness was then asked:

"How far in the east lane of traffic?"

to which the same objection was interposed by Mr. Lord and overruled by the court. The witness answered:

"Well, it was about four feet—a little over three feet south of the yellow line. Or where the yellow line would be."

Counsel for plaintiff then started to inquire about another matter and counsel for the defendant said:

"At this time, your honor, I move to strike the opinion testimony of this witness on the preceding three questions upon the ground that it is without sufficient foundation and it is a conclusion, and that the jury be asked to disregard it."

This motion was denied. The defendant has specified the rulings of the court regard-

ing the denial of the motion and the admission of this testimony as erroneous and grounds for a new trial.

■ The plaintiff argues that the sufficiency of counsel's objections and motion to strike are not adequately specific to challenge the qualifications of the witness as an expert and the foundation for the questions calling for the opinions of the witness. He cites Een v. Consolidated Freightways, 8 Cir., 220 F.2d 82. The purpose of such objections is to make clear to the court the ground or grounds relied upon by the objector. The statements of the trial court in making his rulings indicate that he understood the import of the objections when he said:

"I feel he is qualified as an expert and I think there is sufficient foundation for him to answer."

In the Een case an inadequate objection was overruled by the court without comment. In this case the court understood that the objections and the subsequent motion to strike challenged the qualifications of the witness and the foundation for the opinion that the witness was asked to express. The motion contained the further ground that the questions called for a conclusion.

■ The qualifications of a proffered expert witness are primarily a matter to be determined by the trial court and his determination with respect thereto will not be reversed unless it appears that he has abused his discretion in that respect. City of Bismarck v. Casey, 77 N.D. 295, 43 N.W.2d 372; Otter Tail Power Co. v. Malme, N.D., 92 N.W.2d 514; People v. Haeussler, 41 Cal.2d 252, 260 P.2d 8; Beckman v. Schroeder, 224 Minn. 370, 28 N.W.2d 629.

While the qualifications of this witness are general and vague and the ruling of the court with respect thereto does not merit commendation, nevertheless in view of the rule above stated we cannot say that the determination of the court that he was an

expert witness was prejudicially erroneous. The foundation for eliciting from a witness his opinion as to whether the accident occurred in the eastbound or westbound lane of traffic is another matter.

■ The question asked by plaintiff's counsel did not incorporate any facts upon which the opinion would be based. The plaintiff argues that since the witness had testified to certain measurements and observations with respect to the position of the cars, marks on the highway and debris, we must assume that the opinion was based on those facts. Since no objection was made to the form of the question we accept that assumption. This brings us to a rule which has been adopted in this jurisdiction and stated in Satterland v. Fieber, N.D., 91 N.W.2d 623, 626, as follows:

"In the second place if there had been skid marks or other physical evidence from which it could be reasonably inferred that the Larson car was blocking the south lane of the highway at the time of the collision, the jury was well qualified to draw that inference without the help of an opinion from a patrolman. It is a fundamental rule of evidence that an expert may not give an opinion on facts and circumstances which men in general are capable of understanding and upon which they may form an intelligent opinion. 32 C.J.S. Evidence § 445, p. 73. This rule has been applied with respect to inferences that may be drawn from skid marks left by cars involved in collisions. Danner v. Walters, 154 Neb. 506, 48 N.W.2d 635; Thornbury v. Maley, 242 Iowa 70, 45 N.W.2d 576; Beckman v. Schroeder, 224 Minn. 370, 28 N.W.2d 629."

In this case at the time the highway patrolman's testimony was elicited the jury had before it the description of his observations and measurements. He had not described the damage to plaintiff's car and had made but slight reference to the damage to the Suko car. There had already been in-

troduced in evidence three photographs, plaintiff's Exhibit 2 and defendant's Exhibits B and C, clearly showing the position of the cars on the highway after the accident. There had also been introduced plaintiff's Exhibit 3 and defendant's Exhibit D showing extensive damage to the front ends of both cars and the debris that lay between them. These photographs had not been referred to or shown to the witness on the stand. He did not take the pictures. He later testified he had seen them. At the time the witness gave his opinion as to the point of contact the jury had heard all of his testimony upon which the foundation rested and in addition had available to it the photographs showing the scene covered by his description and information to which he had not alluded.

In this case the location of the point of contact with reference to the lanes of travel of the two cars may well have been a controlling factor in the minds of the jury in resolving the question of the negligence of the deceased. The opinion expressed by the witness was clearly a conclusion. The foundation that preceded the expression omitted important facts with reference to the damage to the cars and particularly to the plaintiff's car as disclosed by the photographs. Those facts may have been omitted entirely from the consideration of the witness in arriving at his conclusion. The jury had the benefit of the photographs as well as the facts testified to by the witness. The foundation attempted to be laid for the conclusion of the witness discloses no facts of such complexity that they could not easily be comprehended by the jurors.

"Where a matter may easily be comprehended by jurors the testimony of an expert has no place." Turcotte v. DeWitt, 332 Mass. 160, 124 N.E.2d 241, 245.

Meehan v. Great Northern Railway Co., 13 N.D. 432, 101 N.W. 183, 185, involved an action to recover damages for an injury alleged to have been caused by defendant's negligence in which it appeared there were two or more possible causes for the injury resulting from a separation of couplers on a train. In considering objections to the opinions of expert witnesses as to the cause of the parting of the train the court said:

"If these witnesses had learned from their experience as railroad men what various causes might make these couplers separate, and what conditions were essential to set these several causes in operation, they would be qualified to testify as experts, and inform the jury under what condition each cause would or would not operate. With this information before them, the jury were as well qualified to determine the cause of the break in the train as the expert witnesses. The conditions under which these causes might operate were not of such a nature that they could not be adequately described with sufficient clearness to enable a person of average intelligence to understand them. There was no occasion or necessity for the opinions objected to, and the testimony should have been excluded. The admission of this testimony was clearly prejudicial, and the defendant's motion for a new trial should have been granted."

■■ The facts and circumstances disclosed by the evidence are such that it may be assumed the jury was capable of understanding them and arriving at its own conclusion as to where the accident happened without the aid of the opinion of the highway patrolman. Where such a situation affirmatively appears there is no foundation for the expression of an opinion by an expert as to the point of impact. The trial court erred in overruling defendant's objections and denying the motion to strike the conclusion of the witness on the ground that it was elicited without sufficient foundation.

Since a new trial must be granted we deem it proper to point out the rule with respect to questions calling for the opinion of an expert witness.

"The rule is that such questions must be based upon facts previously stated by the witness, or upon facts testified to by others, or upon facts agreed to, or assumed as true hypothetically. The rule must be adhered to, for otherwise there is no basis upon which the jury can measure the value of the opinion." Pyke v. City of Jamestown, 15 N.D. 157, 107 N.W. 359, 364.

See also Kinney v. Brotherhood of American Yeomen, 15 N.D. 21, 106 N.W. 44; Hunder v. Rindlaub, 61 N.D. 389, 237 N.W. 915.

The order denying the defendant's motion for a new trial is reversed and a new trial granted.

SATHRE, C. J., and BURKE, TEIGEN and STRUTZ, JJ.