Joseph **INTLEHOUSE**, Plaintiff
and Respondent,

v.

Larry **ROSE** and Arnold Rose, Defendants,

Larry Rose, Defendant and Appellant.

No. 8436.

Supreme Court of North Dakota.

Nov. 2, 1967.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for defendant and appellant.

Lewis & Bullis, Wahpeton, for plaintiff and respondent.

ERICKSTAD, Judge.

The plaintiff, Joseph Intlehouse, brought a civil action against the defendants, Larry Rose and Arnold Rose, to recover a judgment for the damages allegedly caused Mr. Intlehouse when Larry Rose negligently operated his vehicle within the City of Wahpeton so that it collided with Mr. Intlehouse's vehicle. On stipulation of the parties the case was dismissed as to Arnold Rose.

At the trial Larry Rose conceded liability but put Mr. Intlehouse to his proof of the damages. The jury returned a verdict in favor of Mr. Intlehouse in the sum of $2,480, and judgment was entered thereon. Mr. Rose then made a motion for new trial which the trial court ordered to be granted unless Mr. Intlehouse, within a specified time, should file a remittitur reducing the verdict and judgment in the sum of $182, together with all interest accrued on that sum since the entry of judgment.

It is from that order that Mr. Rose appeals. Incidentally, the remittitur was filed, so that the trial court's order became in effect an order denying the motion for new trial.

Many specifications of error have been asserted by Mr. Rose. We shall consider them as he has grouped them.

The first contention is that the trial court erroneously permitted Mr. Intlehouse to testify as an expert witness, in that it permitted him to testify that it was impossible to restore his automobile to the condition it was in immediately before the collision. We agree that this testimony was crucial, but we do not agree that the trial court erred in permitting Mr. Intlehouse to so testify.

Damages, if recoverable, were recoverable under the provisions of N.D.C.C. § 32–03–09.1, which reads as follows:

The measure of damages for injury to property caused by the breach of an obligation not arising from contract, except when otherwise expressly provided by law, is presumed to be the reasonable cost of repairs necessary to restore the property to the condition it was in immediately before the injury was inflicted and the reasonable value of the loss of use pending restoration of the property, unless restoration of the property within a reasonable period of time is impossible or impracticable, in which case the measure of damages is presumed to be the difference between the market value of the property immediately before and immediately after the injury and the reasonable value of the loss of use pending replacement of the property. Restoration of the property shall be deemed impracticable when the reasonable cost of necessary repairs and the reasonable value of the loss of use pending restoration is greater than the amount by which the market value of the property has been diminished because of the injury and the reasonable value of the loss of use pending replacement.

North Dakota Century Code.

As Mr. Intlehouse sought, under that section of the Code, to recover damages based on the difference between the market value of the property immediately before and immediately after the injury, it was essential that he show that restoration of the property to the condition it was in immediately before the collision was either impossible or impracticable. Before testifying to the value of the automobile before and after the collision, Mr. Intlehouse established the basis for his opinion that it was impossible to restore it to the condition it was in immediately before the collision.

■ The trial court was of the opinion that Mr. Intlehouse was qualified to express such an opinion. Under such circumstances we believe the rule in Fisher v. Suko applies:

> The qualifications of a proffered expert witness are primarily a matter to be determined by the trial court and his determination with respect thereto will not be reversed unless it appears that he has abused his discretion in that respect. [citations omitted]

> Fisher v. Suko, 98 N.W.2d 895, 899 (N.D.1959).

It seems to be Mr. Rose's contention that one may not give his opinion as to the restorableness of an automobile unless he is himself an automobile mechanic and has had considerable experience in repairing automobiles. We do not believe that the statute requires such a conclusion.

■ It is our view that on the record made in this case Mr. Intlehouse established himself as one qualified to express an opinion on the restorableness of the automobile and that the remedy available to the defendant, if he believed the opinion to be in error, was to have called another person qualified to express an opinion, so that the jury members, being the triers of the facts, could have weighed the testimony of both witnesses and rendered their decision. No other witness was called to testify as to the restorableness of the automobile; accordingly, Mr. Intlehouse's testimony stood undisputed.

Mr. Intlehouse testified that from 1950 through 1957 or 1958 he was employed on occasion by his uncle to appraise automobiles, and that within that period he appraised approximately 25 to 30 automobiles. He further testified in effect that he had taught business mathematics at the Wahpeton School of Science for four years; that in that course he taught how to compute depreciation; and that in connection therewith he made many visits to the body shop at the School of Science, where he discussed with other instructors the practical problems involved in making appraisals.

To better understand the issues that follow hereafter, it should be noted that Mr. Intlehouse testified that he purchased the automobile new on June 22, 1965, for $4,-600; that it was his opinion that just before the collision the automobile was worth $4,000 and just after the collision, $1,700. He also testified that he had spent $182 for transportation during the period between the collision and November 2, the date when the automobile was returned after its first repair.

The record further discloses that the collision occurred on September 23, 1965; that Mr. Intlehouse authorized Smith Brothers of Wahpeton to repair his automobile on October 14, 1965; that it was first returned to him on November 2, 1965, but that, according to Mr. Intlehouse, it had not been restored to the condition that existed just prior to the collision; that other repairs were necessitated in June 1966; and that even following those repairs the car was still not restored to its original condition. Mr. Rose's contention is that the most Mr. Intlehouse should receive is the $1,250 which is the total of the repair bills.

■ Mr. Rose's second basic argument is that there is no evidence supporting Mr. Intlehouse's recovery on the basis of diminution of market value of his vehicle. Our view of the evidence and the law is that this point has been covered in the discussion of the first argument.

Mr. Rose's third basic contention is that because of errors in admission of testimony and in instructions to the jury, Mr. Intlehouse was permitted to recover damages on two inconsistent theories, and that this error was not cured by the remittitur ordered by the trial court.

■ In this connection it should be noted that the trial court ordered a remittitur of the out-of-pocket costs of $182, believing it had been in error in permitting the jury to award such costs in light of the fact that the automobile was not replaced. As the evidence as to the out-of-pocket costs was clearly established in the record, we believe that the trial court corrected its error in ordering the remittitur.

■ Because of the language of § 32–03–09.1, which establishes two different rules for measuring damages, the contention by Mr. Intlehouse that one rule applied, and the contention by Mr. Rose that the other rule applied, the trial court submitted the entire statute to the jury, so that it might determine what rule was applicable in this case. Had the trial court instructed the jury to apply the measure of damages based on diminution of value, Mr. Rose might have had much more to complain of. As this was not done, we make no determination of the possible effect of such action.

It should be noted that in arguing this point Mr. Rose seemed to be saying that the trial court should have spelled out specifically in its instruction to the jury that it must find that the plaintiff's car was damaged beyond repair before it could award him damages on a diminution-in-value basis.

We observe that Mr. Rose requested an instruction in language almost identical to N.D.C.C. § 32–03–09.1, and that the court gave that instruction almost verbatim. Under these circumstances we do not believe that Mr. Rose can successfully complain that the instructions in this respect were inadequate and thus prejudicial.

■ It is our view that in giving the instruction in the words of the statute, the court in essence required the jury to find that it was either impracticable or impossible to restore the automobile to its previous condition before it could award Mr.

Intlehouse damages on a diminution-in-value basis.

■ Mr. Rose's next major contention is that the trial court, in including in the instructions a partial summarization of the testimony, committed error under Rule 51 of the North Dakota Rules of Civil Procedure.

The pertinent part of Rule 51 reads as follows:

(a) Instructions to Jury; Written or Oral. The court shall instruct the jury after the arguments of counsel to the jury are concluded. The court shall instruct the jury only as to the law of the case. * * *

North Dakota Rules of Civil Procedure.

Mr. Rose asserts that the court, under the guise of summarizing the contentions of the parties, actually provided a partial summarization of the testimony, and in so doing placed undue emphasis on particular facts while completely disregarding other facts. It is true that the court included in its instructions the contentions of both parties, some of which were based on the pleadings and some of which were based on the testimony.

■ If instructions as to the law are to be understood, they must be applied to the issues as they are framed by the pleadings and the evidence. The trial court therefore has a duty to make the law meaningful in each case. We have reviewed the court's instructions in light of the pleadings and the evidence submitted and find nothing which would lead us to believe that the jury could have been misled either as to the facts or to the law.

We therefore find that the trial court complied with its duty in this regard. Pertinent to a discussion of this issue is Rule 61 of the North Dakota Rules of Civil Procedure, which reads as follows:

No error in either the admission or the exclusion of evidence and no error or de-

fect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

North Dakota Rules of Civil Procedure.

■ Applying Rule 61, we find the error in setting forth the contentions partially on the testimony to be harmless error, if error at all.

■ The next-to-last argument made by Mr. Rose is that the trial court erred in refusing to admit his Exhibit A into evidence. Exhibit A is a photograph of Mr. Intlehouse's vehicle. It is Mr. Rose's contention that, although he did not take the photograph, did not know who took it, and did not know when or where it was taken, because he testified that it portrayed the exact damage as he observed it following the accident, it should have been received in evidence. We believe that this contention is well answered by the language of one of the cases cited in the reference made to us by Mr. Rose:

Photographs of the scene of an accident are admitted in evidence for the purpose of making more clear to the jury testimony in regard to what occurred at the time of the accident. The general rule as to their admissibility is that if a photograph be a substantially correct reproduction of the scene of the accident, and if it will aid the jury in understanding the testimony, it should be admitted, and that *its admissibility, both so far as it is in fact a true reproduction of the scene and whether it is practically instructive to the jury, is a preliminary question to be determined by the trial judge, who is in-*

*vested with considerable discretion in the matter, and his action will ordinarily be sustained by the appellate court. * * * [emphasis supplied]*

Humphrey v. Atchison, T. & S. F. Ry. Co., 50 Ariz. 167, 70 P.2d 319, 321–322.

In that case the Arizona court sustained the trial court in admitting certain photographs. We think the same rule applies whether the photographs are admitted or rejected and whether they relate to a scene or to an object.

See also: Froemke v. Hauff, 147 N.W.2d 390 (N.D.1966), in which we said, in Syllabus 4:

The question of the sufficiency of foundation of a photograph is a matter within the discretion of the trial judge.

■ We have reviewed Exhibit A and are inclined to believe, as the trial court believed (as expressed in its memorandum opinion), that because of the angle from which the photograph was taken, it did not constitute a true representation of the damage to the vehicle, the damage being to the side near the rear of the vehicle, both to the exterior and the interior, whereas the photograph was taken from the front of the vehicle toward the rear at an oblique angle, not a right angle. We therefore find no abuse of discretion in the trial court's refusal to admit Exhibit A into evidence.

■ The last contention made by Mr. Rose is that over his objection Mr. Intlehouse injected his financial condition into the lawsuit. We have examined the record relative to this contention and do not find that the plaintiff injected his financial condition into the lawsuit. The testimony in this respect related to an explanation by the plaintiff of the reason for delaying approximately three weeks before submitting his automobile for repairs. His testimony was merely to the effect that, being unable to make a reasonable trade-in of the damaged automobile for a new one, he could not afford to buy a new one and this was

required to submit the automobile for attempted repair.

 In determining on appeal whether the evidence was sufficient to support the verdict, our court has said:

Upon an appeal from a case tried to a jury, our review of the facts is limited to a consideration of whether there is substantial evidence to sustain the verdict. If there is such evidence, we are bound by the verdict.

In re Hendricks' Estate, 110 N.W.2d 417, 421 (N.D.1961).

Applying the rule stated in *Hendricks'* to this case, we find that the evidence is sufficient to sustain the verdict and accordingly conclude that the trial court's order denying the motion for new trial should be affirmed.

TEIGEN, C. J., and KNUDSON, PAULSON and STRUTZ, JJ., concur.