Paul F. COATES, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

July 2, 1971.

Rudolph V. Binus, W. David Klingman, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Appellant was convicted under KRS 218.020 of possessing marijuana, and was fined $100 and sentenced to two years in the penitentiary. He asserts several grounds for reversal which will be considered after a brief statement of the facts.

Appellant was stopped on a public highway for a traffic violation. Another police officer arrived who had been given information that appellant's automobile contained marijuana. Upon appellant's consent to a search, a canvas bag of marijuana was found in the car. Appellant testified that a friend had advised him that he knew of a field where this plant was growing and they had picked it there. Appellant asserted that he intended to turn this material over to his immediate superior in the Department of Corrections, where he worked, for some investigative purpose. Not finding his superior in the office, he was taking the material home to be brought back the next work day. While appellant denied that he knew he had marijuana in his possession, it is clear that that is what he was searching for and that is what he thought he had. The jury was instructed concerning his knowledge of the nature of the plant material in his possession, although such knowledge is not made an element of the crime prohibited by KRS 218.020.

Appellant's first contention is that Chapter 218 of the Kentucky statutes is unconstitutional. KRS 218.020 declares, among other things, that it shall be unlawful to possess any narcotic drug, and, at the time this offense was committed, marijuana was defined as a narcotic drug. KRS 218.120 provides certain exceptions which will be later discussed.

Appellant argues the statute is unconstitutional on the ground that it does not require any criminal intent or knowledge. He relies on Burnam v. Commonwealth, 228 Ky. 410, 15 S.W.2d 256 (1929), and Commonwealth v. O'Harrah, Ky., 262 S.W.2d 385 (1953). Those cases are not in point because they involved statutes which made criminal offenses of certain acts which a person might be forced innocently to commit because of his financial condition. It was recognized in the Burnam case that the legislature properly may prohibit the doing of an act which involves neither moral turpitude nor evil motive. In the area of drug regulation, guilty intent is not necessarily a prerequisite to the imposition of criminal sanctions. United States v. Wiesenfeld Warehouse Company, 376 U.S. 86, 84 S.Ct. 559, 11 L.Ed.2d 536 (1964). See also State v. Boggs, 57 Wash.2d 484, 358 P.2d 124 (1961), and State v. Hames, 74 Wash.2d 721, 446 P.2d 344 (1968). In State v. Napolis, Mo., 436 S.W.2d 645 (1969), it was held that knowledge that a drug is a barbiturate or a stimulant is not a necessary element of the offense of possession or sale of drugs. See also State v. Gibson, 92 N.J.Super. 397, 223 A.2d 638 (1966).

It is also contended that KRS 218.210 is unconstitutional because it imposes a more severe penalty upon the *possession* of a narcotic drug than upon the *use* of such drug. It is argued that this is arbitrary and unreasonable and discriminatory and deprives appellant of the equal protection of the law. We can find no supporting basis for this argument. That the legislature reasonably may make a distinction between possession and use has been recognized. 25 Am.Jur.2d, Drugs, Narcotics, and Poisons, § 17, n. 3. Different penalties do not violate the constitutional principle of equal protection of the law. State v. Reed, 34 N.J. 554, 170 A.2d 419 (1961); State v. Reid, 66 Wash.2d 243, 401 P.2d 988 (1965).

■ Appellant also contends that the statute is unconstitutional in delegating to the Commonwealth's attorney discretion to determine whether to induce the grand jury to indict for either *possession or use.* We have difficulty understanding his argument in view of the fact that appellant's acts did not involve use of marijuana. No discretionary act of the Commonwealth's attorney affected this prosecution. Appellant presents an abstract question which does not affect him in this case. The authority he relies on, Olsen v. Delmore, 48 Wash.2d 545, 295 P.2d 324 (1956), involved different punishments for the same crime, which is not involved here. Even if appellant could have been prosecuted for either of two different crimes, no constitutional invalidity is apparent. See Reed and Reid cases, supra.

We now turn to alleged trial errors. It is claimed that the Commonwealth's attorney asked inflammatory questions on cross-examination of appellant and made improper argument to the jury. It appears that appellant, in his official work in connection with problems of parole, had access to the State Reformatory at La-Grange. On cross-examination the Commonwealth's attorney asked the following question, to which an objection was overruled:

"Q. 214. As far as you are concerned there is no problem at the Kentucky State Reformatory about bringing narcotics or drugs into it, is that correct?"

Immediately thereafter the following question was asked, to which objection was sustained:

"Q. 216. No one employed you, did they, to procure marijuana and bring it into the Kentucky State Reformatory?"

Thereafter appellant moved for a mistrial, which was overruled. In his closing argument the Commonwealth's attorney stated:

"It has been right difficult for our Police Officers, Don Powers, Trooper Slone, Lieutenant Watson, employees of the Commonwealth of Kentucky, who are trying to enforce the law, who are representing you against the element who wants to violate the law, who want to use narcotics, who want to use marijuana. They want to put into society for profit or gain or whatever may be their reason drugs, which are running prevalent throughout this Country today. You read about it in the newspapers in Louisville, in Shelbyville, and Shelby County. It's there whether you want to believe it or not. It's prevalent. It's prevalent in that Kentucky State Reformatory, because I know. I'm Commonwealth's attorney in six counties, one of those counties is Oldham County."

An objection was overruled and thereafter the Commonwealth's attorney stated:

"Whether he was inside of the Penitentiary people, I don't know."

■ It is plainly evident from this course of conduct in cross-examination and argument that the Commonwealth's attorney was trying to influence the jury to believe that appellant was trafficking in narcotics. At the present time this is a highly inflammable matter and the public generally is incensed against those who induce the use of and supply drugs. There was no evidence whatever (which may or may not have been relevant) that appellant was participating in the dispensing of narcotic drugs to those in the penitentiary or anywhere else. A false issue was created which was highly prejudicial. In Rowe v. Commonwealth, Ky., 269 S.W.2d 247 (1954), the Commonwealth's attorney had exhibited a vicious looking knife to the jury which had no relevance to the prosecution. We said (page 249):

"The attorney for the Commonwealth may not deliberately inject into the case an issue prejudicial to the rights of defendant without some reasonable basis for the questions. Taylor v. Com., 269

Ky. 656, 108 S.W.2d 645. It is rather apparent in this instance the prosecutor knew he could not connect appellant with the ownership or use of this knife, as he made no effort to do so. It occurs to us his only purpose in referring to the knife was to prejudice appellant before the jury. We have many times condemned unfair methods of a prosecutor to obtain convictions because it brings the courts into disrepute and is disgusting to those who look upon courts and judges as symbols of justice. Two somewhat recent cases are Edwards v. Com., 298 Ky. 366, 182 S.W.2d 948 and Jackson v. Com., 301 Ky. 562, 192 S.W.2d 480."

Similarly, in Woodford v. Commonwealth, Ky., 376 S.W.2d 526 (1964), the Commonwealth's attorney in asking questions on cross-examination injected into the case the question of whether or not the defendant had been pursued by police officers. There was no evidence of such a chase. We held it reversible error to inject this false issue. Convictions should not be obtained by improper methods. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); Handford v. United States, 5 Cir., 249 F.2d 295 (1957); Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Turner v. United States, 5 Cir., 415 F.2d 1234 (1969).

The Commonwealth contends that the questioning and the argument were proper because on direct examination appellant had stated that he had never "trafficked, sold, handled, or done anything in an unlawful manner with reference to a narcotic drug", and he also said he had never seen marijuana. In addition, the Commonwealth argues that since appellant admitted all of the elements of the crime and received the minimum sentence, he could not have been prejudiced.

We do not think appellant's general statement justified the Commonwealth in attempting to induce the jury to believe, without any supporting evidence, that appellant was actually guilty of a particularly obnoxious type of drug traffic, nor do we believe appellant can be said to have admitted all of the elements of the crime which necessarily justified conviction. He was entitled to a fair jury trial, and he did not receive it. We hold this was reversible error.

Another question we consider it necessary to pass upon is whether the court erred in declining to give an instruction tendered by appellant. By this instruction he sought to bring himself within an exemption provided by KRS 218.120. That statute provides in part that the criminal penalties of KRS Chapter 218 shall not apply to possession "by persons whose possession is for the purpose of aiding public officers in performing their official duties". Appellant testified that he had acquired this material to turn it over to his superior, the Commissioner of Corrections, for the purpose of having it determined if it was actually marijuana and to have investigated whether or not those growing it were committing a criminal act.

■ Appellant did not prove at the trial, and in his brief he does not even assert, that his superiors had any official duties to perform which would involve investigative or other action in the narcotic drug field. If appellant's position could be sustained, any person could present as a valid defense to a charge of illegal possession of narcotic drugs the fact that he intended to transfer them to some public official. Obviously the exemption above quoted is not that broad. It certainly encompasses the concept that the possession must have a reasonable relationship to an authorized activity of a public official in this area. The facts in this case fail to establish that appellant's possession was lawful possession under any of the exemptions provided by KRS 218.120, and consequently he was not entitled to the instruction offered.

■ In conclusion, appellant contends he was entitled to a directed verdict, which

clearly is without merit. Other trial errors are asserted, but we find it unnecessary to discuss them because they are either wholly lacking in merit or are not likely to occur on another trial.

The judgment is reversed.

All concur.