**STATE of Missouri, Respondent,**

v.

**Lawrence GREEN, Appellant.**

No. 63085.

Supreme Court of Missouri,
En Banc.

March 9, 1982.

Rehearing Denied April 6, 1982.

James R. Brown, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jay D. Haden, Asst. Atty. Gen., Jefferson City, for respondent.

WELLIVER, Judge.

Appellant was tried and found guilty by a jury of attempting to obtain by fraud a Schedule II controlled substance and a Schedule IV controlled substance. Sections 195.170(1), 195.250, RSMo 1978,[1] respectively. The jury fixed punishment at one year imprisonment for Count I and six months confinement in the county jail on Count II. The trial court having found appellant to be a persistent offender under § 558.016, extended his term of imprisonment in the Division of Corrections to two and one-half years on each count, the sentences to run concurrently. The Missouri Court of Appeals, Western District, reversed these convictions and, pursuant to respondent's motion, transferred this cause to this Court. Rule 83.02, 1982.[2] We hold that the verdict directing instructions were prejudicially erroneous in failing to submit the element of knowledge on appellant's part that he was using a false name in attempting to obtain the controlled substance and we reverse and remand for a new trial.

Portions of the court of appeals opinion have been adopted and used herein without quotation marks.

On December 4, 1979, appellant presented to the pharmacist at the Childers Pharmacy two prescriptions issued in the name of Stephen Devore and requested that they be filled. The pharmacist became suspicious because of several circumstances. The prescriptions contained the language "1 PO QID Daily", which was unusual because

---

1. All statutory references are to RSMo 1978 unless otherwise indicated.

2. All references to Missouri Rules of Procedure are to those effective in 1978 unless otherwise indicated.

"QID" alone means "four times per day". The prescription authorized the dispensing of ninety tablets, which is an unusually large number of high powered pain pills in a prescription written at a hospital. Appellant also acted nervous while he was in the pharmacy. The pharmacist asked him, "Stephen Devore, what is your address?" Appellant replied, "5902 Independence". The pharmacist asked him to return in about two hours, checked with the Truman Medical Center about the validity of the prescriptions, and then called the police.

Officers George and Taylor arrived at about the same time that appellant returned to pick up the prescriptions, and appellant was arrested upon being identified by the pharmacist. In response to a request for identification, appellant produced a bank card and social security card of Stephen Devore. Upon request for further identification, appellant provided his own identification from his wallet. He told the officers that he was merely picking up the prescriptions at the request of a friend who was waiting outside in a car. That person was subsequently apprehended and identified as Edwin Phillips.

Stephen Devore testified that his bank card and social security card had been stolen in October 1979, and that he had never met appellant.

According to Dr. James West, senior emergency room resident of Truman Medical Center, Phillips was a former emergency room employee who had access to forms and equipment necessary to write prescriptions. Dr. West testified that the prescriptions were written on Truman Medical Center forms and that his drug enforcement agency number appeared on the prescriptions. Dr. West testified that he had written no prescription for Ritalin or Talwin for Stephen Devore and that he had never met appellant.

Appellant denied forging the prescriptions and denied stealing Devore's identification cards. He testified that he was riding around with Phillips when Phillips asked him to have a couple of prescriptions filled. Phillips gave appellant the prescriptions and the identification cards and told him that the prescriptions were those of his cousin, Devore. Appellant was not suspicious of Phillips because Phillips worked in a hospital.

Appellant's two prior convictions were for mail fraud and the sale of cocaine.

Appellant contends that the trial court committed prejudicial error as a matter of law in giving Instructions No. 7 and No. 8 (MAI–CR2d 32.10 and 32.16, respectively) because both instructions failed to require the jury to find that appellant *knowingly* used a false name and false prescription in an attempt to obtain the controlled substances.

Section 195.170 provides:

1. No person shall obtain or attempt to obtain a controlled substance or procure or attempt to procure the administration of the controlled substance by fraud, deceit, misrepresentation or subterfuge, or by forgery or alteration of a prescription or of any written order; or by the concealment of a material fact; or by the use of a false name or the giving of a false address.

Instruction No. 7 (MAI–CR2d 32.10), instructing with regard to an alleged violation of § 195.170, provided in pertinent part:

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on the 4th day of December, 1979 in the County of Jackson, State of Missouri, the defendant attempted to obtain ritalin from Beverly Bone, a pharmacist at Petey Childrers [sic] Pharmacy in Independence, Missouri, and

Second, that defendant did so by the use of a false name and prescriptions, then you will find the defendant guilty under Count I of attempting to obtain ritalin by fraud.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

Section 195.250 provides:

It is unlawful for any person to obtain or attempt to obtain any controlled substances listed in Schedules III, IV or V or procure or attempt to procure the administration of the drug by the following means:

(1) fraud, deceit, misrepresentation or subterfuge; or

(2) the forgery or alteration of the prescription of any written order; or

(3) the concealment of a material fact; or

(4) the use of a false name or the giving of a false address.

The pertinent part of Instruction No. 8 (MAI–CR2d 32.16), which instructs on alleged violations of § 195.250, is identical to the pertinent part of Instruction No. 7 set forth above, except for the substitution of the word Talwin in place of the word Ritalin. Both instructions follow the wording of MAI–CR2d 32.10 and 32.16, which do not require the submission of the element of knowledge of the falsity of the name or the prescription allegedly used by the accused in an attempt to obtain a controlled substance.

■ Although we reach the same conclusion as the court of appeals did, we do so for different reasons. We find persuasive the court of appeals' analogy to § 195.020, which among other things makes it unlawful for any person to possess any controlled substance except as expressly authorized, but we believe the answer lies in the following statutes.

Section 556.031.2 provides;

Offenses defined outside this code and not repealed shall remain in effect, but unless otherwise expressly provided or

unless the context otherwise requires, the provisions of the code shall govern the construction of any such offenses committed after January 1, 1979, as well as the construction and application of any defense to a prosecution for such offenses.

The code referred to in this section is the criminal code, which constitutes the subject matter of Chapters 556 through 600, inclusive, of the Revised Statutes of Missouri. The offenses at issue in the present case are "defined outside this code" and were committed after January 1, 1979, on December 4, 1979. Thus, the provisions of the criminal code govern the construction of the offenses at issue in the present case.

Section 562.021.2, which is part of the criminal code, provides:

[E]xcept as provided in section 562.026 if the definition of an offense does not expressly prescribe a culpable mental state, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly or recklessly, but criminal negligence is not sufficient.[3]

Section 562.026 provides:

A culpable mental state is not required

(1) If the offense is an infraction and no culpable mental state is prescribed by the statute defining the offense; or

(2) If the statute defining the offense clearly indicates a purpose to dispense with the requirement of any culpable mental state as to a specific element of the offense.

The offense at issue in the present case is not an "infraction". See § 556.021. Neither § 195.170.1 nor § 195.250 indicates a purpose to dispense with the requirement of

---

**3.** Section 562.016 provides in pertinent part:

2. A person 'acts purposely', or with purpose, with respect to his conduct or to a result thereof when it is his conscious object to engage in that conduct or to cause that result.

3. A person 'acts knowingly', or with knowledge,

(1) With respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist; or

(2) with respect to a result of his conduct when he is aware that his conduct is practically certain to cause that result.

4. A person 'acts recklessly' or is reckless when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.

any culpable mental state. A culpable mental state therefore is required. A person can violate § 195.170.1 or § 195.250 only if, in addition to performing the acts proscribed therein, he performs those acts purposely or knowingly or recklessly. Neither Instruction No. 7 nor Instruction No. 8 required that defendant perform the proscribed acts purposely or knowingly or recklessly. In this respect, they are both deficient.

In *State v. Napolis*, 436 S.W.2d 645, 648 (Mo.1969), Division II of this Court said of § 195.240, RSMo 1959, that "We find further that the language of § 195.240 indicates a legislative intent not to require such knowledge or criminal intent". This holding appears to have been based solely upon the absence of an affirmative statement by the legislature that intent was required. With the adoption of the criminal code, particularly §§ 562.021.2 and 562.026, such a holding is no longer permissible. Section 562.026 permits a finding that the legislature intended that criminal intent be not required only "If the statute defining the offense *clearly indicates* a purpose to dispense with the requirement of any culpable mental state as to a specific element of the offense." (Emphasis added.) To the extent that *Napolis, State v. St. John*, 544 S.W.2d 5 (Mo. banc 1976); *State v. Meek*, 584 S.W.2d 168 (Mo.App.1979), and *State v. Gordon*, 536 S.W.2d 811, 817 (Mo.App.1976), relied on by respondent, are contrary to the holding herein, they can no longer be followed.

In Point II, appellant contends that the trial court impermissibly increased his sentence under Count I because it was a Class A felony under § 557.021; and, the persistent offender statute, § 558.016, applies only to Class B, C and D felonies. This issue should not recur on retrial. § 557.036.4, RSMo Supp.1981 and § 558.016.6, RSMo Supp.1981.

■ In Point III, appellant contends that the trial court enhanced his sentence in connection with Count II because the trial court was prejudiced against him. The record does not support this contention.

The judgment is reversed and the case is remanded for a new trial.

DONNELLY, C. J., and RENDLEN, SEILER, MORGAN and HIGGINS, JJ. concur.

BARDGETT, J., concurs in concurring opinion filed.

BARDGETT, Judge, concurring.

I concur in the principal opinion but desire to express myself regarding MAI–CR2d 32.10 and 32.16 with respect to how some of the MAI–CRs must be used. I will use 32.10 as illustrative of the point I desire to make, as Paragraph Second of 32.10 and 32.16 with respect to describing what is to be included are the same.

MAI 32.10 of MAI–CR2d, Vol. II, pp. 32–13 and 32–14 reads:

32.10  Controlled Subtances: Schedule I or II Controlled Substances or Certain Narcotic Drugs—Obtaining or Attempting to Obtain by Fraud

(As to Count ____, if) (If) you find and believe from the evidence beyond a reasonable doubt:

First, that (on) (on or about) [*date*] in the (City) (County) of _____, State of Missouri, the defendant (obtained) (attempted to obtain) (procured the administration of) (attempted to procure the administration of) [*name of Schedule I or II controlled substance; or name of preparation containing coca leaves referred to in Section 195.080*] (from) (by) [*name of person*], and

Second, that defendant did so by [*concise statement of the facts constituting the means by which defendant violated Section 195.170.1, RSMo, and using more than one paragraph designated "Third," "Fourth," etc., if necessary, each paragraph concluding with a comma and the word "and"*],

then you will find the defendant guilty (under Count ___) of (obtaining) (attempting to obtain) (procuring the administration of) (attempting to procure the administration of) [*name of the substance or preparation* ] by (fraud) (forgery) (deception).

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty (under Count ___) of the offense submitted in this instruction, you will assess and declare his punishment:

1. At imprisonment by the division of corrections for a term fixed by you, but not more than twenty years, or

2. At confinement in the county jail for a term fixed by you, but not less than six months nor more than one year.

In the MAI Civil book, 3d ed., at XCI, the caution appears, "KNOW THE APPLICABLE SUBSTANTIVE LAW". The same admonition is applicable to the MAI–CR instructions. Paragraph Second of MAI–CR2d 32.10, *supra*, describes what the lawyer preparing the instruction for use or the court ought to include as paragraph second and third. It does not exclude a finding of guilty knowledge, but rather, in my opinion, permits the inclusion of such a finding where required by the applicable substantive law. The choice of words used by the person who drew up instruction No. 7, paragraph second, was substantively incorrect as decided in the principal opinion. But, had the person who drew instruction 7 drawn it in accordance with the substantive law, it would have submitted a finding that appellant *knew* the name and prescriptions to be false when he used them to obtain the drugs. This could have been submitted within the parameters of the instruction appearing in the example by adding a paragraph third which said:

Third, that defendant then and there knew the name and prescriptions were false,

or by having added to paragraph second the phrase "then and there knowing the said name and prescriptions to be false", so that paragraph second would read:

Second, that defendant did so by the use of a false name and prescriptions then and there knowing the said name and prescriptions to be false.

or some other phrase clearly requiring that the jury find as a prerequisite to a guilty verdict, the necessary guilty knowledge. In other words, the instructions in MAI–CR are suggested for general use but the lawyers have to know the specific substantive law so as to use the instructions in a specific case. It is not that MAI–CR2d 32.10 or 32.16 are erroneous that requires a reversal and remand of this case, but rather the error is in the failure to require a finding in the instruction that was actually given to the jury of guilty knowledge in accordance with substantive law. As pointed out in the principal opinion, the legislature changes the law from time to time, and this happens more frequently in the criminal law than in the civil law.

Many of the MAI–CRs were drawn by the Committee on Pattern Criminal Charges and Instructions so as to accommodate to some changes and to differing essential elements by allowing the blanks to be filled in with appropriate findings as required by substantive law. I believe MAI–CRs 32.10 and 32.16 are in this category and continue to be usable as guides to be adapted to the particular elements of the crime submitted.

I concur.