**STATE of Missouri, Respondent,**

v.

**Roger Dale MILLER, Appellant.**

**No. 45943.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 21, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 1983.

Application to Transfer Denied Oct. 18, 1983.

William J. Shaw, Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Defendant appeals after his conviction by a jury of armed criminal action, § 571.015, RSMo.1978. The court found defendant to be a persistent offender and sentenced him to 20 years imprisonment.

In his sole point on appeal, defendant asserts error in the state's verdict-directing instruction. We affirm.

The state produced strong evidence that on May 23, 1981, defendant and William Dalton entered the Hecht Pharmacy near closing time. Herman Hecht, the owner, and Rita Richards, a cashier, were the only people in the pharmacy. Dalton stayed at the front near the door, and defendant approached Mr. Hecht at the pharmacy counter in the back of the store. The defendant drew a pistol, pointed it at Mr. Hecht, and demanded the store's narcotics. Mr. Hecht handed defendant a cardboard box containing narcotics and, at that moment, an alarm went off. Defendant ran to the front of the store and out the door, and Dalton followed.

Defendant and Dalton ran by Mr. Richards who was outside the store waiting for his wife to finish work. Another witness who was driving by the store also saw the two men. Two police officers cruising the area heard the alarm and drove to the back of the pharmacy where they saw two men running. The officers got out of their car and pursued the men on foot. The officer who caught defendant testified that he found a gun on the ground next to the spot where he caught defendant. The officer who caught Dalton testified he also found a gun on the ground near where he caught Dalton and that Dalton had a cardboard box containing narcotics.

The defendant took the stand and testified that he went into the pharmacy with Dalton, unaware that Dalton intended to rob the store. He stated that he stayed near the front door and ran out of the store when he heard the alarm. He testified he did not participate in the robbery.

Defendant was charged with robbery second degree and armed criminal action. The state submitted only the armed criminal action count to the jury in the following verdict directing instruction:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on May 23, 1981, William Dalton with the aid of Roger Miller committed the offense of robbery in the second degree of Herman Hecht at the Hecht Pharmacy, in that Roger Miller with the aid of William Dalton stole narcotics drugs in the possession

of Herman Hecht and in doing so threatened the immediate use of physical force against Herman Hecht for the purpose of forcing Herman Hecht to deliver up the property and

Second, that the defendant either before or during the commission of the offense of robbery second with the purpose of promoting its commission, aided such other person in planning and committing that offense, and

Third, that the defendant or such other person committed the offense submitted to you in the foregoing paragraphs by, with or through ' the use, assistance or aid of a deadly weapon,

then you will find the defendant guilty of armed criminal action.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

In addition, Instruction No. 5, modeled after MAI–CR2d 2.10, was submitted to the jury. It provided:

A person is guilty of an offense if it was committed by conduct for which he is criminally responsible, whether that conduct was his own or that of another person or both his own conduct and that of another.

A person is criminally responsible for the conduct of another in committing or attempting to commit a particular offense when, either before or during the commission of an offense, with the purpose of promoting the commission of that offense he aids such other person in planning or committing or attempting to commit that offense.

The presence of a person at or near the scene of an offense at the time it was committed or attempted is alone not sufficient to make him responsible therefor, although his presence may be considered together with all of the evidence in determining his guilt or innocence.

Defendant contends there was some evidence to support a jury finding that Dalton, rather than defendant, used the gun during the robbery. Defendant asserts the instruction "permitted the jury to find the appellant guilty of the offense .charged even though it had been committed by another person without the appellant's knowledge or participation." That is, the jury could convict him of armed criminal action even if it found he neither planned nor had knowledge that a gun would be used by his co-actor. The instruction thus failed to hypothesize a culpable mental state and this denied defendant his rights to due process and equal protection.

The state asserts there is no requirement of a culpable mental state for the offense of armed criminal action. The statute, § 571.-015, does not set forth specifically a culpable mental state as an element of the offense. It defines armed criminal action as the commission of any felony "by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon."

Section 562.021.2, RSMo.1978, states that "if the definition of an offense does not expressly prescribe a culpable mental state, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly or recklessly, but criminal negligence is not sufficient." *State v. Green,* 629 S.W.2d 326, 328 (Mo. banc 1982). Section 562.026 further provides that a culpable mental state is not required if the statute defining the offense clearly indicates a purpose to dispense with the requirement of any culpable mental state as to a specific element of the offense. *State v. Green,* 629 S.W.2d 326, 328 (Mo. banc 1982).

■ We find no clear indication to dispense with a culpable mental state in the armed criminal action statute for any element of the offense and thus conclude that one is required.

The verdict director in this case is a combination of MAI–CR2d 2.12, MAI–CR2d 23.-04, robbery in the second degree, and MAI–CR2d 25.02, the armed criminal action instruction. Paragraph number four of MAI–CR2d 25.02 which is to be used "where no underlying felony is charged in a separate count" was the correct form of

25.02 to follow. This case was tried on April 13, 1982, so that MAI–CR2d 2.12, effective January 1, 1979, was in use. The version of MAI–CR2d 2.12 adopted in April, 1981, was repealed effective April 1, 1982, and the former MAI–CR2d was reinstated.[1] Even the state concedes this is not a model instruction and it is apparent that it deviates from the prescribed form. As such its submission was error. However, we have concluded that defendant was not prejudiced by its use. Rule 28.02(e).

 An active participant who acts with common purpose with another or an aider and abetter incurs criminal liability for any form of affirmative advancement of the criminal enterprise. *State v. Pierson,* 610 S.W.2d 86, 91 (Mo.App.1980). The jury was required to find that Herman Hecht was threatened with the immediate use of physical force for the *purpose* of forcing him to deliver the narcotics and the offense was committed by, with or through the use, assistance or aid of a deadly weapon. Further, the jury had to find that the defendant, before or during the offense of robbery second degree with the *purpose* of promoting its commission, aided William Dalton in planning and committing that offense. The uncontradicted evidence was that a deadly weapon was used to force Hecht to deliver up the narcotics. The only issue for the jury was whether Dalton and the defendant robbed the pharmacist at gun point or whether Dalton robbed him at gun point alone. There was no evidence that some method other than a deadly weapon

was used or was contemplated in order to commit the robbery. Contrary to defendant's assertion, this instruction did require the jury to find defendant planned and participated in the offense. We find no merit to defendant's claim of prejudicial error.[2]

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.

---

1. MAI–CR2d 2.12 has again been modified, effective January 1, 1983, so that the relevant portions of the verdict director would now read:

 If you find and believe from the evidence beyond a reasonable doubt:

 First, that on May 23, 1981, in the County of St. Louis, State of Missouri, defendant and William Dalton committed the offense of robbery in the second degree in that defendant or William Dalton stole narcotic drugs in the possession of Herman Hecht and in doing so defendant or William Dalton threatened the immediate use of physical force against Herman Hecht and

 Second, that the defendant or William Dalton committed the offense submitted to you in the foregoing paragraph by, with or

through the use, assistance or aid of a deadly weapon,

then you are instructed that the offense of armed criminal action has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Third, that with the purpose of promoting or furthering the commission of armed criminal action the defendant acted together with or aided William Dalton in committing that offense

then you will find the defendant guilty of armed criminal action.

2. We find that neither *State v. Elam,* 646 S.W.2d 834 (Mo.App.1982) nor *State v. Scott,* 647 S.W.2d 601 (Mo.App.1983), cited to us after oral argument by defendant, have a bearing on the issue before us.