STATE of North Dakota, Plaintiff
and Appellee,

v.

Robert PERBIX, Defendant
and Appellant.

Cr. No. 970.

Supreme Court of North Dakota.

May 31, 1984.

Alan K. Duppler, State's Atty., Stanton, for plaintiff and appellee.

Ralph A. Vinje, Bismarck, for defendant and appellant.

PEDERSON, Justice.

Robert Perbix appeals from his judgment of conviction for possession of marijuana in violation of Section 19–03.1–23(3), NDCC. We affirm.

In essence, Perbix has raised the following issues on appeal:

(1) Whether or not Section 19–03.1–23, NDCC, is unconstitutional as applied to Perbix for the reason that it creates a strict liability offense.

(2) Whether or not this Court should reconsider its decision in *State v. Perbix*, 331 N.W.2d 14 (N.D.1983), upholding the validity of a search for contraband which resulted in this prosecution of Perbix, and

(3) Whether or not Perbix was denied a fair trial by the prosecutor's refusal to dismiss charges against or grant immunity to a defense witness.

Section 19–03.1–23(3), NDCC, makes it unlawful to possess a controlled substance. Perbix asserts that, assuming the statute makes possession a strict liability offense, it is unconstitutional as applied to him.

In *State v. Rippley*, 319 N.W.2d 129 (N.D.1982), we held that Section 19–03.1–23(1), NDCC, making it unlawful "to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance" constitutes a strict liability offense. We expressly reserved issues regarding the constitutionality of the statute for a case in which those issues were properly raised and presented by a party with standing to do so.

We do not believe that Perbix has adequately raised or presented a constitutional challenge to the validity of Section 19–03.1–23, NDCC, or that he has demonstrated adequate standing to challenge the statute. Relative to Perbix's constitutional attack on the statute, he does not adequately set forth specific objections supported by rationale to demonstrate the constitutionally defective nature of the statute as applied to him. Perbix's attempt to rely primarily on the appellant's brief filed in *Rippley, supra,* is insufficient to advance his constitutional challenge.

Perbix asserts that *State v. Gordon*, 536 S.W.2d 811 (Mo.Ct.App.1976), cited approvingly by this Court in *Rippley, supra,* for the proposition that Missouri's controlled substance statute constituted a strict liability offense, was overruled by the Missouri Supreme Court in *State v. Green*, 629 S.W.2d 326 (Mo.1982). In our view, Perbix has misconstrued the *Green, supra,* decision. The Missouri Supreme Court concluded in *Green, supra,* that statutory provisions applicable to offenses committed after January 1, 1979, required the court to adopt an interpretation of the criminal statutes different from the one followed by the Missouri Court of Appeals in *Gordon, supra.* The Missouri Supreme Court's ruling in *Green, supra,* based upon a different statutory scheme, did not overrule or otherwise discredit the holding in *Gordon, supra,* which was based upon the statutory provisions existing at that time.

Perbix was charged with possession of marijuana as a result of a search of a trailer home. The search was authorized

as a condition of Perbix's probation in a prior judgment of conviction. In *State v. Perbix*, 331 N.W.2d 14 (N.D.1983), we held that the search was valid even though it was conducted by police officers rather than by Perbix's probation officer. On this appeal, Perbix requests us to reconsider our decision in *Perbix, supra*, in light of an affidavit of a citizen member of a legislative committee stating that the committee's draft legislation was intended to allow warrantless searches of a probationer only by his probation officer. Suffice it to say that Perbix has failed to raise a legal or justifiable ground to relitigate this issue, which was decided on its merits in *Perbix, supra*.

Sharon Farrand was originally charged with possession of contraband as a co-defendant with Perbix. The prosecutor, after deciding not to appeal the trial court's suppression of the contraband as evidence against Farrand, chose not to go forward with her prosecution. At trial Perbix called Farrand to testify relative to the ownership of the contraband, but Farrand, on the advice of counsel, asserted her Fifth Amendment privilege not to testify on the ground that she might incriminate herself. The prosecutor refused to dismiss the charges against Farrand or to·grant her immunity. On appeal, Perbix asserts that the prosecutor's refusal to dismiss the charges against Farrand or to grant her immunity constituted misconduct that denied Perbix a fair trial because it prevented him from obtaining Farrand's potentially favorable testimony.

■ Section 31–01–09, NDCC, provides that a court may immunize a witness only upon written request by the prosecuting attorney with the approval of the attorney general. In *State v. Dachtler*, 318 N.W.2d 769 (N.D.1982), we held that neither the Compulsory Process Clause of the Sixth Amendment to the United States Constitution nor Article I, Section 12 of the Constitution of North Dakota requires the State to grant immunity to defense witnesses. As a general rule, with few exceptions, a defendant in a criminal prosecution has no right to compel the State to grant immunity to defense witnesses. *See*, Annot., Right of Defendant in Criminal Proceeding to Have Immunity from Prosecution Granted to Defense Witness, 4 A.L.R.4th 617 (1981). Although a prosecutor may not interfere with a defense witness in an attempt to prevent or discourage the witness from testifying, *e.g.*, *United States v. Morrison*, 535 F.2d 223 (3d Cir.1976), absent such misconduct by the prosecutor a defendant has no right to compel the State to dismiss charges against or to grant immunity to a defense witness.

■ In this case, the prosecutor made no attempt to interfere with Farrand's right to take the witness stand at Perbix's trial or to discourage her from testifying on Perbix's behalf. Under the circumstances of this case, we conclude that the prosecutor's refusal to dismiss charges against Farrand or to grant her immunity did not violate Perbix's right to a fair trial or to call witnesses on his own behalf.

Affirmed.

ERICKSTAD, C.J., and GIERKE and SAND, JJ., concur.

VANDE WALLE, Justice, concurring specially.

I agree with the result reached in the majority opinion. I agree that Perbix has not adequately raised the constitutionality of Section 19–03.1–23, N.D.C.C. We said in *State v. Morris*, 331 N.W.2d 48 (N.D.1983), that under Section 19–03.1–23(3) only intent to deliver, not knowledge or intent to possess, was an essential element of the crime. We also indicated that in order to show the unconstitutionality of the statute, the defendant must show that he was convicted of simple possession solely on the basis of his innocent act of being present in a vehicle which contained a controlled substance. The same rule is applicable to Perbix and he has not made the requisite showing. I also agree that the argument set forth by Perbix is insufficient to cause us to reconsider our decision in *State v. Perbix*, 331 N.W.2d 14 (N.D.1983).

I am, however, concerned about the majority's disposition of the third issue, i.e., whether or not Perbix was denied a fair trial by the prosecutor's refusal to move to dismiss charges against or to grant immunity to a defense witness. The majority opinion apparently concludes that only when a prosecutor interferes with a defense witness in an attempt to prevent or discourage the witness from testifying is the defendant entitled to relief. Although I also agree with that conclusion I am concerned about its application to the facts at issue. The majority opinion does not detail all the facts such as the fact that the State's Attorney thought he had moved to dismiss the charge against Farrand and agreed that her testimony would be important but overnight changed his position. To say that the actions of the State's Attorney did not "discourage" Farrand from testifying under those circumstances strains the ordinarily accepted meaning of that word. The State's Attorney admitted in oral argument that after he discovered the charge against Farrand had not been dismissed he refused to move to dismiss it because he wanted an additional guaranty of her veracity if she did testify. He does not, however, have any intention of prosecuting her on the filed charge. Although I understand the State's Attorney's trial tactics, I am not sure I can agree they do not "discourage" Farrand from testifying.

I agree with the result reached by the majority opinion, however, because there has been no indication as to what Farrand's testimony would be if she were required to testify. If I were to agree that the refusal to move to dismiss the action against Farrand was improper under the circumstances of this case, I would nevertheless be left to speculate that her testimony would be beneficial to Perbix. It appears that we should be offered something more than speculation if we are asked to reverse a conviction on such a basis.