**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Joseph Allen SCHROEDER, Defendant and Appellant.**

**Cr. No. 910420.**

Supreme Court of North Dakota.

June 1, 1992.

---

Ralph A. Vinje (argued), Bismarck, for defendant and appellant.

Mark Ashley Flagstad (argued), Asst. State's Atty., Minot, for plaintiff and appellee.

JOHNSON, Justice.

Joseph Allen Schroeder appeals from a final judgment entered on a conditional plea of guilty, pursuant to Rule 11 of the North Dakota Rules of Criminal Procedure. Schroeder plead guilty, reserving his right to appeal, to possession of a controlled substance, in violation of sections 19–03.1–23(3) and· 19–03.1–05(5)(q), N.D.C.C.[1]  On appeal Schroeder asserts that the trial court erred when it denied his pretrial motion to dismiss.  We affirm.

On March 19, 1991, Jeff White, a law enforcement officer employed by the North Dakota Attorney General's Bureau of Criminal Investigation Drug Enforcement Unit, supplied a search warrant affidavit based upon information learned from Byron Backman.[2]  This affidavit indicated that Backman told White that he recently purchased marijuana from Schroeder, and had regularly purchased from him in the past.  Backman believed that Schroeder had more marijuana to sell.  Based upon this affidavit, the magistrate issued a search warrant covering Schroeder's residence, vehicles, and all buildings located at his known address.  According to an affidavit of White, this search uncovered an amount of marijuana "believed to be in excess of 4 pounds in total weight."

---

1.  Schroeder was originally charged with ·unlawful possession of a controlled substance with intent to deliver, possession of a controlled substance in violation of the· controlled substance tax, in violation of sections 19–03.1–05(5)(o), 19–03.1–23(1), 57–36.1–04, 57–36.1–09(3).  The information was amended on December 3, 1991, in conjunction with the plea agreement of that date.

We note that 19–03.1–05(5)(o) was marijuana at the time the original charge was filed.  Pursuant to section 2 of chapter 223, S.L.1991, marijuana is now found at 19–03.1–05(5)(q).

2.  In this affidavit White stated: ·

On Monday, March 18, 1991 a confidential informant purchased ⅛ oz. of marijuana from Byron Harold Backman A.K.A. Barney Backman during a controlled buy.  Backman was not arrested at that time because he is on probation for a prior drug offense.  His probation officer was notified of the sale and assisted in a search of his residence pursuant to a search clause in his probation conditions.  During the search approx. 2 oz. of marijuana was found and seized along with paraphanillia [sic].  During the search and subsequent to it, Backman was cooperative and expressed the desire to provide information to law enforcement if the States Attorneys office was notified of the cooperation.  This was agreeable with the understanding that law enforcement officers could not guarantee anything other that [sic] to inform the State that he did cooperated [sic].

\*     \*     \*     \*     \*     \*

This affiant is familliar [sic] with Backman having arrested him in the past on drug violations.  He has always been forthright and cooperative in the past including pleading guilty to the charges against him.  Further, knowing he will be charged in the most recent incident, he gave the above information.

Prior to trial, Schroeder subpoenaed Backman to appear at a deposition. Backman appeared, but refused to give any additional information other than his name. After the deposition, Schroeder made a motion to dismiss, supported by an affidavit and brief. No hearing was requested or held on this motion. Schroeder asserted that the statements made by Backman were untrue. He argued that the Ward County State's Attorney should give Backman immunity or other assurances in exchange for his testimony. Schroeder claimed that because of Backman's silence, he was denied his Sixth Amendment right to confront the witnesses against him.

The State resisted Schroeder's motion and filed a brief. The State argued that Backman asserted his Fifth Amendment right on advice of independent counsel. Backman was not a witness in the case against Schroeder and was not expected to be called at trial. The State asserted that section 31–01–09, N.D.C.C., allows the prosecution discretion in seeking immunity for witnesses, and that the State had no control over the actions of Backman. The trial court, without benefit of a hearing, denied Schroeder's motion.[3]

Subsequently, Schroeder moved to suppress the evidence obtained under the search warrant claiming that "the warrant was obtained as the result of deliberate falsehood or reckless disregard for the truth in the application for the warrant." Schroeder specifically asserted that the statements attributed to Backman were false, and that without those statements there was insufficient information to justify the search. Schroeder submitted his own affidavit along with the motion to sup-

press. An evidentiary hearing was set in this matter. *See State v. Padgett*, 393 N.W.2d 754 (N.D.1986).

The State resisted Schroeder's motion to suppress and filed a brief in opposition to the motion. However, before an evidentiary hearing was held, and before the trial court could rule on the motion to suppress, an agreement was reached. In December of 1991, Schroeder entered a conditional guilty plea to the possession charge.

On appeal Schroeder claims that the trial court erred when it denied his motion to dismiss. Schroeder asserts that Backman clearly is a witness against him. Backman supplied information to White who then used the information to obtain a search warrant. Schroeder argues that he was denied his right to confront the witnesses against him under the Sixth Amendment when Backman refused to testify at the deposition and was not granted immunity by the State. Schroeder claims that because of Backman's silence, this Court should return the case to the trial court directing it to order a dismissal because Schroeder was denied his Sixth Amendment right.

The State asserts that it has no responsibility for witnesses subpoenaed by the defense and cannot compel testimony, nor is it responsible for providing immunity to every witness called by the defense. The State argues that Backman only supplied information for the search warrant, and is not a "witness" in this case. Backman was only involved in the investigatory stages of the case, and is not a trial witness for the State. The State further argues that under section 31–01–09, N.D.C.C.,[4] it has discretion to grant immunity to witnesses.

---

**3.** We assume that the trial court based its decision solely on the documents before it. Due to the one-line decision denying the motion, we assume that the trial court agreed with the legal theory asserted by the State's Attorney since there were no factual issues indicated in the order. *See State v. Tibor*, 373 N.W.2d 877, 883 n. 9 (N.D.1985).

**4.** N.D.C.C. § 31–01–09 provides:
No person may be compelled to be a witness against himself in a criminal action. Notwithstanding any provision of law to the contrary, in any criminal proceedings before a

court or grand jury or state's attorney's inquiry, if a person refuses to answer a question or produce evidence of any kind on the grounds that he may be incriminated thereby, and if the prosecuting attorney, in writing and with approval of the attorney general, requests the court to order that person to answer the question or produce the evidence, the court after notice to the witness and hearing may so order, and that person shall comply with the order. In the case of a state's attorney's inquiry, such application must be made to the district court. No testimony or

■ Schroeder appeals from a final judgment of conviction and asserts that the trial court's denial of his motion to dismiss was in error. For criminal appeals, we may review intermediate orders according to Rule 35(c) of the North Dakota Rules of Appellate Procedure. *See State v. Tibor,* 373 N.W.2d 877, 879 n. 1 (N.D.1985).

Schroeder asserts that he was denied his Sixth Amendment right when Backman refused to answer any questions pertaining to the information he supplied to White. Based upon section 31–01–09, and our case law, we agree with the trial court.

■ According to our case law, the State is not required to grant immunity to defense witnesses. *State v. Perbix,* 349 N.W.2d 403, 405 (N.D.1984); *State v. Dachtler,* 318 N.W.2d 769, 773 (N.D.1982). Generally, a defendant cannot compel the State to grant immunity. When the State does not grant immunity to a defense witness, it does not violate the defendant's Sixth Amendment rights. *See Dachtler,* 318 N.W.2d 769.

In *State v. Dachtler,* the defendant argued that he was effectively denied his Sixth Amendment right to compulsory process when the State failed to immunize his witness. *Dachtler,* 318 N.W.2d at 772. After citing several federal court decisions, this Court concluded that "neither the Sixth Amendment to the United States Constitution, nor Article I, Section 12 of the Constitution of North Dakota requires that the State grant immunity to defense witnesses." *Id.* at 773 (footnote omitted).

■ A defendant has the right to non-privileged testimony of witnesses. However, absent prosecutorial misconduct, the defendant cannot compel the State to grant immunity.

In *State v. Perbix,* this Court stated:

As a general rule, with few exceptions, a defendant in a criminal prosecution has no right to compel the State to grant immunity to defense witnesses. (Citation omitted.) Although a prosecutor may not interfere with a defense witness in an attempt to prevent or discourage the witness from testifying, e.g., *United States v. Morrison,* 535 F.2d 223 (3d Cir.1976), absent such misconduct by the prosecutor a defendant has no right to compel the State to dismiss charges against or to grant immunity to a defense witness.

*Perbix,* at 405.

■ We affirm the decision of the trial court, recognizing that our case law clearly supports the State's argument that it need not grant immunity to every witness called by the defense. We find that the defendant was not deprived of his Sixth Amendment right to confront witnesses.

ERICKSTAD, C.J., and MESCHKE, LEVINE and VANDE WALLE, JJ., concur.

other information compelled under the order, or any information directly or indirectly derived from the testimony, may be used against the witness in any criminal proceeding, except a prosecution for perjury, giving a false statement, or contempt committed in answering, or failing to answer, or in producing, or failing to produce, evidence in accordance with the order.